IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

| | |
|---|---|
| BRIDGETTE TAYLOR, | ) |
| | ) |
| Plaintiff, | ) Cause No.: |
| | ) |
| vs. | ) Div. No. |
| | ) |
| LIESE LUMBER COMPANY, INC., | ) Personal Injury - Vehicular |
| | ) |
| SERVE:  Sheldon Korlin | ) Jury Trial Demanded |
|              845 Gonzaga Lane | ) |
|              Florissant, Missouri 63031 | ) |
| and | ) |
| | ) |
| DONALD NEFF, | ) |
| | ) |
| SERVE:  1235 N. Glenwood Drive | ) |
|              Columbia, Illinois 62236 | ) |
| | ) |
| Defendants. | ) |

## PETITION

Comes now Plaintiff Bridgette Taylor, by and through counsel, and for her cause of action against Defendant Liese Lumber Company, Inc. and Defendant Donald Neff, states:

1. That Plaintiff Bridgette Taylor (hereinafter "Plaintiff") is a resident of St. Louis, State of Missouri.

2. That Defendant Liese Lumber Company, Inc. (hereinafter "Defendant Liese") is a lumber company which does business in the State of Missouri selling lumber, timber, windows, doors and other building materials, and has its registered agent at 845 Gonzaga Lane, Florissant, Missouri 63031.

3. That Defendant Donald Neff (hereinafter "Defendant Neff") is an individual who has committed a tort in the State of Missouri.



EXHIBIT A

4. That at approximately 11:26 a.m. on November 24, 2015, Plaintiff was operating her motor vehicle in a generally southbound direction at or near 1301 N. Taylor Avenue before its intersection with Page Boulevard in the City of St. Louis, Missouri; and at said time, Defendant Neff was operating Defendant Liese's tractor-trailer in the course and scope of his employment in a generally southbound direction on N. Taylor Avenue to the rear of Plaintiff's vehicle.

5. That on said occasion, Defendant Neff operated Defendant Liese's tractor-trailer truck into collision with the rear of Plaintiff's vehicle.

6. That the aforesaid collision and Plaintiff's consequent injuries and damages were the direct and proximate result of the negligence and carelessness of Defendant Neff acting within the scope and course of his employment by Defendant Liese, in the following respects, to-wit:

   a) Defendant Neff failed to keep a careful lookout;

   b) Defendant Neff followed Plaintiff's vehicle too closely;

   c) Defendant Neff, after he knew or should have known that there was a reasonable likelihood of collision, failed to stop, or slacken his speed, or swerve, or slacken his speed and swerve, when in the exercise of the highest degree of care he could have done so and thus thereby avoided said collision;

   d) Defendant Neff operated Defendant Liese's tractor-trailer truck into collision with the rear of Plaintiff's vehicle;

   e) Defendant Neff operated Defendant Liese's tractor-trailer truck at a rate of speed which was high, excessive, and dangerous under the circumstances;

f) Defendant Neff, while traveling on a public highway, violated Mo.Rev.Stat. §304.044 by following too closely and was negligent per se;

g) Defendant Neff carelessly and negligently failed to maintain a proper lookout when danger was imminent;

h) Defendant Neff carelessly and negligently operated Defendant Liese's tractor-trailer truck at a rate of speed greater than was reasonable and proper with regard to the traffic conditions and the use of the way; and

i) Defendant Neff carelessly and negligently failed to reduce the speed of Defendant Liese's tractor-trailer truck to avoid a collision.

7. That as a direct and proximate result of the aforesaid negligence and carelessness of Defendants, Plaintiff was caused to sustain the following serious, permanent, and painful injuries and damages, to-wit: Plaintiff's neck, cervical spine, left shoulder, and head, and the bones, joints, discs, ligaments, tendons, blood vessels, nerves and related organs; soft tissues and structures of the aforesaid parts of Plaintiff's body were bruised, contused, strained, sprained, aggravated, stretched, broken, ruptured, lacerated, herniated and torn; that Plaintiff suffered a C4-5 cervical disc herniation with canal stenosis and cord compression, straightening of the normal cervical lordotic curve, and as a result required a C4-5 anterior cervical discectomy, C4-5 arthrodesis, and anterior cervical plating at C4-5 with placement of structural allograft at C4-5; that Plaintiff also required surgery for a left shoulder superior labrum tear; that Plaintiff's injuries are permanent, painful and progressive; that as the result of the aforesaid injuries, Plaintiff has been caused to incur bills and expenses for hospital, surgical, and therapeutic care and will incur additional such bills in the future for the remainder of her life.

Electronically Filed - City of St. Louis - January 03, 2018 - 10:49 AM

WHEREFORE, Plaintiff demands judgment against the Defendants in an amount greater than TWENTY-FIVE THOUSAND DOLLARS ($25,000.00), plus costs.

MOGAB & HUGHES ATTORNEYS, P.C.

BY: _____
DAVID G. HUGHES 47676
Attorney for Plaintiff
701 Market Street, Suite 1510
St. Louis, Missouri 63101
(314) 241-4477 (Telephone)
(314) 241-4475 (Facsimile)
davidhughes@mogabandhughes.com

Electronically Filed - City of St. Louis - January 03, 2018 - 10:49 AM